...

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EMPIRE FIRE AND MARINE INS. CO., <br><br> Plaintiff, <br><br> v. <br><br> NICOLE ELYSE BROOKS, et al., <br><br> Defendants. | Case No. 2:21-cv-00289-JCM-EJY <br><br> **ORDER** |

Before the Court is Plaintiff Empire Fire and Marine Insurance Company's ("Plaintiff") Motion for Leave to Serve by Publication ("Motion") (ECF No. 13). As of July 20, 2021, no response has been filed by any of the defendants in this case.

**I.    BACKGROUND**

Plaintiff has been unable to serve Defendant Nicole Elyse Brooks. ECF No. 13 at 1. Plaintiff has spoken with Ms. Brooks by telephone and has communicated with her by email. *Id.* at 2. However, Ms. Brooks has declined to provide her location. *Id.* According to Plaintiff, Ms. Brooks represented under oath that she resided at 54 Palomino Ct, Horsham, Pennsylvania. *Id.* Plaintiff attempted to serve Ms. Brooks at this location but was unsuccessful. *Id.* Plaintiff's investigator then attempted to serve Ms. Brooks at an address in Marietta, Georgia based on license plate information. *Id.* This attempt was also unsuccessful. *Id.* Ms. Brooks then represented to Plaintiff's investigator that she was currently in Charlotte, North Carolina, but she agreed to meet Plaintiff's investigator in Atlanta, Georgia on May 15, 2021. *Id.* at 3. Ms. Brooks did not show up to that meeting. *Id.* Plaintiff's investigator then ran two skip-trace searches, which produced three possible addresses in Georgia. *Id.* The investigator attempted service at each of these addresses but was unsuccessful. *Id.* Plaintiff now seeks leave to serve by publication and also requests an additional 90 days to serve Ms. Brooks with the summons and complaint. *Id.* at 1.

## II. DISCUSSION

### A. Extension of Time to Serve.

The time limit for service of process is established by Federal Rule of Civil Procedure 4(m), which states that if "a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, the Rule also presents an exception, stating that the court must extend the time for service "if the plaintiff shows good cause for the failure." *Id.* Good cause is generally equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The district court has broad discretion when determining whether to extend time for service of process. *U.S. v. 164 Watches, More or Less Bearing on Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) (citing *In re Sheehan*, 253 F.3d at 513). This broad discretion includes the ability of the district court to extend time for service retroactively even after the service period has expired. *164 Watches*, 366 F.3d at 772 (citing *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)). The district court may consider factors such as a "statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)) (internal quotation marks omitted).

In the present case Plaintiff's Complaint (ECF No. 1) was filed on February 22, 2021. Plaintiff seeks to extend the deadline to serve Ms. Brooks an additional 90 days. ECF No. 13 at 1. According to the 90-day rule in Rule 4(m), the deadline for serving Ms. Brooks was May 23, 2021. However, Plaintiff's Motion provides an extensive account, as outlined above, of its many attempts to personally serve Ms. Brooks, as well as its other attempts to communicate with her and to provide her notice of the present lawsuit. Given Plaintiff's several and continued attempts to effectuate service, the Court finds that Plaintiff has shown good cause for extending the time for service.

Further, turning to the factors in *Efaw*, extending time for service will not be prejudicial to Ms. Brooks as Ms. Brooks has been notified of the lawsuit. Discovery in this case is in its early stages as the Scheduling Order was just issued on June 1, 2021. ECF No. 10. In crafting their

discovery plan, the parties accounted for the fact that Ms. Brooks could not be located and proposed extending discovery by 60 days. *Id.* at 2. The Court granted this request. *Id.* In addition, based on the declarations of one of Plaintiff's counsel and one of its investigators, Plaintiff has been in contact with Ms. Brooks over telephone regarding the present litigation. *See* ECF Nos. 13-1 at 2, 13-2 at 1. Given the stage of this litigation and Plaintiff's previous correspondence with Ms. Brooks, the Court finds that it is in the interest of justice to extend time for service.

Since Plaintiff has established good cause for doing so, the Court will extend time for service an additional 90 days pursuant to Federal Rule of Civil Procedure 4(m).

B. <u>Service by Publication</u>.

Service of process in federal courts is governed by Federal Rule of Civil Procedure 4. Rule 4(e) provides that "[u]nless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . ." Fed. R. Civ. P. 4(e). Since this Court is located in Nevada, the Court looks to the Nevada Rules of Civil Procedure ("NRCP"), which allow for service by publication under certain circumstances. NRCP 4.4(c).

Pursuant to NRCP 4.4(c), the court may permit service by publication "[i]f a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable." NRCP 4.4(c). NRCP 4.2 and 4.3 describe the requirements for personal service inside and outside of Nevada, respectively. NRCP 4.4(a) and 4.4(b) govern service prescribed by statute and service by alternative methods, respectively. The court may only order service by publication when the defendant: "(A) cannot, after due diligence, be found; (B) by concealment seeks to avoid service of the summons and complaint; or (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3)." NRCP 4.4(c)(1).

In the present case, Plaintiff demonstrates that the service methods in NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable. Given Plaintiff's multiple attempts to serve Ms. Brooks through a process server and an investigator, detailed above, the Court finds that personal service according to

3

NRCP 4.2 and 4.3 is impracticable. There is nothing in the record that indicates a statute providing for service in this case, so the Court also finds that service by statute pursuant to NRCP 4.4(a) is also impracticable. NRCP 4.4(b) states that the court "may . . . direct that service be accomplished through any alternative service method" if the methods provided in NRCP 4.2, 4.3, and 4.4(a) are impracticable. As discussed below, the Court directs Plaintiff to use alternative service methods in addition to service by publication.

The Court also concludes that Plaintiff has satisfied the due diligence requirement in NRCP 4.4(c)(1). Through a process server and its investigator, Plaintiff has attempted to serve Ms. Brooks at several addresses in both Pennsylvania and Georgia. ECF No. 13 at 2-3. As part of its efforts to personally serve Ms. Brooks, Plaintiff performed multiple "skip-trace" searches, emailed and spoke to Ms. Brooks over telephone, and even set up a personal meeting with her in Atlanta. *Id.* Taken together, the Court finds that these measures satisfy the due diligence requirement.

NRCP 4.4(c)(2) provides the requirements for the motion seeking an order for service by publication. The motion must establish that "(i) a cause of action exists against the defendant who is to be served; and (ii) the defendant is a necessary or proper party to the action." NRCP 4.4(c)(2). The motion must also:

> (B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
> (C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
> (D) suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
> (E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
> (i) the defendant's last-known address;
> (ii) the dates during which the defendant resided at that location; and
> (iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

*Id.*

In the present case, Plaintiff established that a cause of action exists against Ms. Brooks and that she is a proper party to the action in its complaint. *See* ECF No. 1. Plaintiff has also provided declarations of one of its attorneys and one of its senior field investigators, which set forth specific

4

facts demonstrating the efforts that Plaintiff has made to serve Ms. Brooks. *See* ECF Nos. 13-1, 13-2. In the Motion, Plaintiff included the proposed language of the summons to be used in the publication and suggested three newspapers for publication. ECF No. 13 at 5-6. The Motion also provides the last known address of Ms. Brooks, the dates that Plaintiff believes that she lived there, and confirms that Plaintiff has exhausted its list of other possible addresses for her. *Id.* at 6.

The three newspapers that Plaintiff suggests for publication include: the Atlanta Journal-Constitution, the Marietta Daily Journal, and the Stone Mountain DeKalb Neighbor. *Id.* Plaintiff suggests these newspapers because "Ms. Brooks seems to be in the metropolitan Atlanta area most often." While it does appear from Plaintiff's skip-trace searches that Ms. Brooks now resides in the Atlanta area, her last known address is located in Horsham, Pennsylvania. *Id.* at 2. The Court therefore orders one of the newspapers for publication shall be in the area for Horsham, Pennsylvania.

Pursuant to NRCP 4.4(c)(4), the Court directs that the publication of the summons be made in the following newspapers: Atlanta Journal-Constitution, either the Marietta Daily Journal or the Stone Mountain DeKalb Neighbor and a newspaper serving Horsham, Pennsylvania. The service must be published once a week for a period of four weeks. NRCP 4.4(c)(4)(A).

"When publication is ordered and the plaintiff is aware of the defendant's last known address, the plaintiff must also mail a copy of the summons and complaint to the defendant's last known address." NRCP 4.4(c)(4)(B). The court may also order a plaintiff "to make reasonable efforts to provide additional notice of the commencement of the action to a defendant using other methods of service, including certified mail, telephone, voice message, email, social media, or any other method of communication." NRCP 4.4(d)(1).

Given the confusion regarding Ms. Brooks' whereabouts (in large part caused by her), the Court directs Plaintiff to send a copy of the summons and complaint to Ms. Brooks' last two known addresses: 1035 Franklin Gateway, Marietta, Georgia 30067 and 54 Palomino Ct, Horsham, Pennsylvania 19044. In addition, the Plaintiff is also ordered to notify Ms. Brooks of this suit via email, if one is known and believed to be a good email address for Plaintiff. The Court finds that

5

these alternative methods, in addition to the publication, will maximize the chances that Ms. Brooks will receive actual notice of these proceedings.

### III. ORDER

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Serve by Publication (ECF No. 13) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's deadline to effectuate service on Nicole Elyse Brooks is hereby extended 90 days from the date of this Order to September 18, 2021.

IT IS FURTHER ORDERED that a copy of the summons and complaint shall be mailed to Nicole Elyse Brooks at her last two known addresses by certified U.S. Mail, return receipt requested, within **five (5)** days of the date of this Order.

IT IS FURTHER ORDERED that publication of the summons be made in the following newspapers: Atlanta Journal-Constitution, either the Marietta Daily Journal or the Stone Mountain DeKalb Neighbor and a newspaper serving Horsham, Pennsylvania.  The service must be published once a week for a period of four weeks and that publication will be considered complete four weeks after the date of the first publication.

Dated this 21st day of July, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE