UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>NICOLE ELYSE BROOKS, et al.,<br><br>Defendant(s). | Case No. 2:21-CV-289 JCM (EJY)<br><br>ORDER |

Presently before the court is Empire Fire and Marine Insurance Company ("plaintiff")'s motion for default judgment. (ECF No. 26). Joseph A. Rodriguez, Jacob Ramirez, and Jose Luis Tello-Robles (collectively "defendants") filed a response (ECF No. 27). Plaintiff replied. (ECF No. 28). Defendant Nicole Elyse Brooks ("Brooks") has not responded, and the time to do so has passed.

**I.   Background**

The instant case arises from a motor vehicle collision that occurred on August 9, 2017, between a vehicle operated by Brooks—who was determined at-fault for the collision—and the defendants' vehicle (the "collision"). (ECF Nos. 26, 26-2, Ex. 10). Defendants filed suit against Brooks in state court for the collision (the "state proceedings"). (ECF No. 27). Plaintiff seeks declaratory relief that it owes no duty to indemnify Brooks for the collision or the state proceedings resulting therefrom. (ECF No. 1).

Brooks rented the vehicle from Malco Enterprises of Nevada, Inc. d/b/a Budget Rental Car ("Budget") pursuant to a written agreement. (ECF Nos. 26; 26-2, Ex. 1). Per the agreement, Brooks agreed to be personally liable for injuries resulting from intentional conduct. (ECF No.

**James C. Mahan**
**U.S. District Judge**

26-2, Ex. 1). Brooks also purchased supplemental insurance coverage that Budget procured from plaintiff ("policy"), wherein plaintiff agreed to indemnify renters, such as Brooks, "for loss caused by bodily injury and resulting from an accident for which coverage is not otherwise excluded or barred." (ECF No. 26-2, Ex. 2). The policy, in pertinent part, excludes coverage for the following:

> 2. Loss arising out of the use of a "rental vehicle" when such use is in violation of the terms and conditions of the "rental agreement".
>
> * * *
>
> 5. Liability arising out of or benefits payable under any uninsured or underinsured motorists law, in any state
>
> 6. Liability arising out of or benefits payable under any first party benefit law, medical payments, no-fault law or any similar law to the foregoing, in any state
>
> * * *
>
> 8. "bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

(ECF No. 26; *see also* ECF No. 26-2, Ex. 2).

Plaintiff filed its complaint on February 22, 2021, for declaratory relief that it does not owe a duty to indemnify Brooks for any damages awarded to defendants in connection to the state proceedings regarding the collision where Brooks was named as a defendant. (ECF No. 26-2, Ex. 11). Plaintiff argued that Brooks engaged in excluded "activity that [was] undertaken in an effort to commit a criminal offense as well as bodily injury that is expected and/or intended," in violation of paragraphs two and fourteen of the Budget policy agreement and thus falling within the exclusions excerpted *supra* from the policy agreement. (ECF Nos. 1, 26, 26-2, Ex 2).

On July 25, 2021, after plaintiff conducted investigations relating to the collision, plaintiff informed Brooks about the actions she needed to take or risk having a default entered against her. (ECF No. 26-1). Brooks was served on September 17, 2021. (*See* ECF Nos. 14, 15).

After Brooks failed to appear by the October 8, 2021, deadline, plaintiff filed a request for entry of default. (ECF No. 16). The clerk subsequently entered default on November 1, 2021. (ECF No. 17).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Plaintiff now moves for default judgment against Brooks. In support, plaintiff argues that Federal Rule of Civil Procedure 55, the entry of default by the clerk, and Brooks's failure to appear supports this court entering a judgment against Brooks. (ECF No. 26).

Defendants contest the instant motion asserting they had nothing to do with an "intentional collision," did not know Brooks prior to the accident, and had no involvement in perpetuating any type of fraud in regard to the collision. (ECF No. 27). Defendants argue that granting the relief requested by the plaintiff would prejudice them, severing access to Brooks's insurance coverage to compensate for injury and damages caused by the collision. (*Id.*). Defendants assert plaintiff is to indemnify Brooks and thus compensate them for the injuries resulting from the collision pursuant to the policy. (*Id.*).

## II.    Legal Standard

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

. . .

**James C. Mahan**
**U.S. District Judge**

**III.     Discussion**

As an initial matter, defendants inappropriately submitted two supplemental responses opposing default judgment, the first on March 8, 2023, and the second on March 14, 2023. (ECF Nos. 29, 31). Pursuant to Local Rule 7-2(g), supplementation is prohibited without leave of court. Defendants filed a motion for leave to file the first and second supplement to opposition to motion for default judgment on March 23, 2023. (ECF No. 33). Despite defendant's lack of proper filing procedure, the court nevertheless considers the substance of defendant's first and second supplements. Defendants contend that because Brooks is participating in the state proceedings, default judgment in this court is improper. The court disagrees. Participation in a state proceeding does not affect whether Brooks has appeared or participated in the instant action.

Plaintiff has already complied with FRCP 55(a) by obtaining the clerk's entry of default against Brooks. (ECF No. 16, 17). Now, in accordance with FRCP 55(b), plaintiff moves for default judgment against Brooks. (ECF No. 26, 28). After considering the *Eitel* factors, the court finds good cause to grant plaintiff's motion for default judgment.

The first *Eitel* factor weighs in favor of granting plaintiff's motion for default judgment. Plaintiff faces prejudice because Brooks's refusal to appear and defend the claims against her undermines plaintiff's ability to secure relief against Brooks. Defendants' response cites no legal authority and focuses on plaintiff allegedly failing to make adequate efforts to gain contact. (ECF No. 27). However, defendants failed to consider that plaintiff satisfied the requirements of service under FRCP 4(e)(1) and Nevada Rules of Civil Procedure 4(d)(3). Brooks shows no intention of attending trial, complying with any court orders, or cooperating in any way to help resolve the case after numerous attempts to service her with the summons and complaint. Therefore, if plaintiff's motion for default judgment is not granted, plaintiff "will likely be without other recourse." *PepsiCo, Inc. v. Cal. Security Cans*, 283 F. Supp.2d 1127, 1177 (C.D. Cal. 2002).

The second and third *Eitel* factors weigh in favor of default judgment. Plaintiff's complaint states plausible claims for relief arguing that coverage did not exist under the insurance policy based on Brooks's involvement in the collision. (*See* ECF No. 1). Further, plaintiff's complaint is sufficient as it enumerates plaintiff's rights under the insurance policy, addresses whether

James C. Mahan
U.S. District Judge

- 4 -

1  Brooks is entitled to coverage, contains enough facts to put Brooks and defendants on notice of
2  plaintiff's assertions and legal theories.  (*See Id.*).

3  The fourth *Eitel* factor does not apply in the instant case because plaintiff seeks only
4  declaratory relief rather than a monetary judgment or award.

5  The fifth *Eitel* factor also favors default judgment.  "Once the court clerk enters a default,
6  the well-pleaded factual allegations of the complaint are taken as true, except for those allegations
7  relating to damages."  *Geddes*, 559 F.2d at 560.  Given the sufficiency of the complaint, including
8  allegations of the policy provisions, Brooks's intent and involvement with the defendants, and
9  Brooks's failure to appear or participate in the instant action, as well as the clerk's entry of default,
10 "no genuine dispute of material facts would preclude granting plaintiff's motion."  *Cal. Sec. Cans*,
11 238 F. Supp. 2d at 1177.

12 Applying the sixth *Eitel* factor, Brooks's default is not due to excusable neglect.  Despite
13 Brooks's best efforts to avoid service of process, plaintiff properly served Brooks with summons
14 and the complaint.  (ECF Nos. 15, 26-1).  Brooks's efforts to evade service, and failures to respond,
15 to appear in person, and to litigate this case cannot be attributed to excusable neglect.  *United*
16 *States v. High Country Board Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that it was
17 "perfectly appropriate" for the district court to enter default judgment against a corporation that
18 failed to appear in the action through licensed counsel because sending a representative to
19 intervene pro se with an interest in the transactions under FRCP 24 is not enough to override 28
20 U.S.C. § 1654's requirement that "parties may plead and conduct their own cases personally or by
21 counsel.").  This factor weighs thus in favor of default judgment.

22 The final *Eitel* factor weighs against default judgment.  "Cases should be decided upon
23 their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  But the mere existence of
24 Rule 55(b) "indicates that this preference, standing alone, is not dispositive."  *Cal. Sec. Cans*, 238
25 F. Supp. at 1177 (citation omitted).  Moreover, Brooks's failure to comply with court orders or
26 appear in court "makes a decision on the merits impractical, if not impossible."  *Id.*  Even if,
27 *arguendo*, this final factor did weigh heavily in defendants favor, as defendants argue, the other
28 factors weigh heavier in plaintiff's favor.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Defendants also assert that the absolute liability statute in Nevada prevents plaintiff from voiding all coverage. (ECF No. 27). Nevada Revised Statute 485.3091(5)(a) provides in part, "[t]he liability of the insurance carrier with respect to the insurance required by this chapter becomes absolute **whenever injury or damage covered by the policy occurs**." (Nev. Rev. Stat. § 485.3091(5)(a)) (emphasis added). However, no finding has been made on whether the policy covers the injury or damage resulting from the motor vehicle collision. Moreover, the statute explicitly states that "[t]he policy may not be cancelled or annulled . . . **after** the occurrence of the injury or damage." (*Id.*) (emphasis added). The terms of the policy were agreed to prior to the motor vehicle collision, and plaintiff is not seeking to cancel or amend the policy. (*See* ECF Nos. 1, 26). Therefore, defendants' argument fails to establish why Nevada's absolute liability statute would render default judgment inappropriate.

Having reviewed the arguments and information before the court, and having considered the *Eitel* factors, the court concludes that the entry for default judgment is appropriate against Brooks.

## IV. Conclusion

Accordingly, consistent with the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for default judgment (ECF No. 26) be, and the same hereby is GRANTED.

IT IS FURTHER ORDERED that plaintiff does not owe a duty to indemnify Brooks in connection to the collision or the state proceedings.

The clerk of the court is instructed to enter judgment in favor of plaintiff against defendant Nicole Elyse Brooks.

DATED March 31, 2023.

_____
UNITED STATES DISTRICT JUDGE