UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY,<br><br>                          Plaintiff(s),<br><br>    v.<br><br>NICOLE ELYSE BROOKS, et al.,<br><br>                          Defendant(s). | Case No. 2:21-CV-289 JCM (EJY)<br><br>ORDER |

      Presently before the court is a motion for reconsideration filed by defendants Jose A. Rodriguez, Jacob Ramirez, and Jose Luis Tello-Robles (hereinafter "claimants"). (ECF No. 36). Plaintiff Empire Fire and Marine Insurance Company filed a response (ECF No. 37), to which the claimants replied (ECF No. 36).

      The claimants made several additional filings: a "motion for leave to file supplement to motion for reconsideration" (ECF No. 39); a "motion for leave to file second supplement to motion for reconsideration" (ECF No. 42); an "amended motion for leave to file second supplement to motion for reconsideration" (ECF No. 43); and a "second supplement to motion for reconsideration" (ECF No. 44).

      For the reasons set forth below, the court denies the claimant's motion for reconsideration and first motion to supplement. The court strikes the claimant's remaining filings.

**I.    Background**

      This is an insurance dispute case. Plaintiff Empire Fire and Marine Insurance Company seeks a declaration from the court that it has no duty to indemnify the defendants in the underlying state action involving a car crash. (ECF No. 1, at 3). The allegations are as follows.

James C. Mahan
U.S. District Judge

Defendant Nicole Brooks was driving a rental car when she crashed into the claimants' vehicle. (*Id.* at 2). Brooks had purchased from Empire an insurance policy for the rental car. (*Id.*). The Empire insurance policy covered certain losses resulting from accidents but excluded losses incurred by intentional and/or criminal acts. (*Id.*). Empire's investigation into the car crash revealed that Brooks and the claimants may have staged the crash. (*Id.*).

The claimants filed suit against Brooks and Empire in state court, seeking damages incurred in the crash. (*Id.*). Empire then initiated *this* action to indemnify itself against Brooks and the claimants, arguing that the car crash was excluded from the policy's coverage. (*Id.* at 3). After several unsuccessful attempts at affecting service of process on Brooks, Empire moved for leave to serve Brooks by publication. (ECF No. 13). The motion was granted, and Empire served Brooks by publication. (ECF No. 14). Empire's counsel also mailed and emailed a copy of the complaint and summons to Brooks and corresponded with her regarding the consequences of failing to appear in this case. (ECF No. 26-1).

Brooks never appeared in this case and a clerk's default was entered. (ECF No. 17). Empire then moved this court for default judgment against her. (ECF No. 26). The claimants opposed that motion and filed two supplements to their opposition *before* requesting leave to supplement. (ECF Nos. 27, 29, 31, 33). This court granted default judgment after considering the claimants' two supplements. (ECF No. 34, at 4). The claimants now seek reconsideration of this court's default judgment order. (ECF No. 36).

**II.   Defendants' Motion for Reconsideration**

A.   Legal Standard

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

On one hand, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."

**James C. Mahan**
**U.S. District Judge**

- 2 -

*Kona Enters., Inc.*, 229 F.3d at 890. On the other hand, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b).

Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); FED. R. CIV. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).

B.    Discussion

The claimants first argue that reconsideration is appropriate because this court did not rule on their motion to supplement their opposition to default judgment before ordering default judgment. (ECF No. 36, at 5–6). The supplements contain Brooks's discovery responses in the underlying state case, which claimants contend disclose Brooks's cooperation with Empire and her ability to be located for proper service of process. (ECF No. 29, at 3; ECF No. 31, at 3).

But this argument is unavailing because the court *did* consider the claimants' supplements and ruled that default judgment was nonetheless appropriate. The court provides its reasoning again, from its previous order:

> **Despite defendants' lack of proper filing procedure, the court nevertheless considers the substance of defendants' first and second supplements.** Defendants contend that because Brooks is participating in the state proceedings, default judgment in this court is improper. The court disagrees. Participation in a state proceeding does not affect whether Brooks has appeared or participated in the instant action….
>
> Defendants' response cites no legal authority and focuses on plaintiff allegedly failing to make adequate efforts to gain contact. (ECF No. 27). However, defendants failed to consider that plaintiff satisfied the requirements of service under FRCP 4(e)(1) and Nevada Rules of Civil Procedure 4(d)(3). Brooks shows no intention of attending trial, complying with any court orders, or cooperating in any way to help resolve the case after numerous attempts to serve her with the summons and complaint. Therefore, if plaintiff's

James C. Mahan
U.S. District Judge

- 3 -

> motion for default judgment is not granted, plaintiff "will likely be without other recourse." *PepsiCo, Inc. v. Cal. Security Cans*, 283 F. Supp.2d 1127, 1177 (C.D. Cal. 2002).

(ECF No. 34, at 4) (emphasis added).

The claimants are attempting to litigate this issue once more by arguing that default judgment should not have been granted because it was not supported by proper service of process. Although service by publication is disfavored, it is a valid method for service of process when the defendant cannot be found with due diligence or is evading service. *See Price v. Dunn*, 787 P.2d 785, 786 (1990). Claimants contend that Brooks was served improperly by publication because Empire could have found her easily by contacting her attorneys in the underlying state action. (ECF No. 36, at 6–7). The court disagrees.

The claimants have not met their burden on a motion for reconsideration. The court reminds the claimants that it will not reconsider or amend its previous order unless it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J*, 5 F.3d at 1263. Claimants merely raise the same arguments the court has already considered, providing the court with no new evidence or change in controlling law. But the court will nevertheless address the claimants' arguments again, in order to demonstrate that no clear error or manifest injustice was committed in the initial decision.

Despite the claimants' claims to the contrary, Empire has never represented to the court that it was unable to *contact* Brooks. Empire moved for service by publication because Brooks was aware of this instant action and appeared to be actively evading service. (*See generally* ECF No. 13). Empire had no reason to go through Brooks's attorneys because it was in direct contact with her regarding the instant action. (*Id.* at 2–3). Empire attempted to serve Brooks—repeatedly—at an address she had previously given as her residence. (*Id.* at 2). After several calls, Brooks refused to give Empire an updated address and even sent Empire's investigator on a goose chase in a different state. (*Id.* at 3).

The court recounts Empire's efforts here: Empire hired an investigator to locate Brooks; Empire attempted to serve Brooks at several different addresses in at least three different states;

James C. Mahan
U.S. District Judge

- 4 -

the investigator performed three "skip-trace" searches on Brooks; the investigator emailed and spoke with Brooks on the phone; and the investigator attempted to set up a meeting with Brooks, which she evaded. (*Id.*). Based on these efforts, the court found that Brooks could not be served by any other means and granted Empire's request to serve by publication. (ECF No. 14). Claimants have yet to provide the court with binding authority to find otherwise.

Finally, to the extent that the claimants are arguing that Empire could have served Brooks by serving her attorneys in the underlying state action—they have never provided the court with legal authority to support this contention. It is not up to the court to conduct legal research on behalf of the claimants regarding whether service of process on a party's attorneys in another action satisfies the service requirements in the instant action. *Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3 (D. Nev. Aug. 20, 2013) ("A judge is the impartial umpire of legal battles, not a party's attorney. He is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments."). The motion for reconsideration is denied.

### III.     Claimants' Motions to Supplement

The claimants filed multiple, successive motions to supplement their motion for reconsideration. (ECF Nos. 39, 42, 43, 44). Each successive document merely adds additional discovery responses or actions by Brooks in the underlying state case, in an attempt to convince this court that default judgment should not have been granted in *this* case. The motions contain largely the same perfunctory—and barely sufficient—points and authorities.

Addressing the claimants' first motion to supplement (ECF No. 39)—supplemental briefs may be filed only upon a showing of good cause, and only with leave of court. LR 7-2(g). Good cause might exist where "the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." *Hunt v. Washoe Cnty. Sch. Dist.*, No. 3:18-CV-501-LRH-WGC, 2019 WL 4262510, at *3 (D. Nev. Sept. 9, 2019). This is now the second time that the court must explain to the claimants that Brooks's actions in the underlying state case are irrelevant to whether she defaulted

**James C. Mahan**
**U.S. District Judge**

- 5 -

in *this* case. Good cause to supplement does not exist here, and the court must deny the claimants' request.

Addressing the claimants' second motion to supplement (ECF No. 42), their amended second motion to supplement (ECF No. 43), and their second supplement (ECF No. 44)—these motions not only run afoul of the court's local rules[1] but are meritless and duplicative of the claimants' earlier motions to supplement. The claimants have, in total, made seven filings on the court's docket that are not only procedurally improper but redundant.[2] (ECF Nos. 29, 31, 33, 39, 42, 43, 44).

The district courts have inherent authority to control their dockets and to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This inherent authority gives district courts the power to strike redundant and immaterial filings from the docket. *E.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (explaining that district courts have inherent authority to "strike items from the docket as a sanction for litigation conduct"). The court exercises this power and strikes the claimants' improper and redundant filings. (ECF Nos. 42, 43, 44).

Finally, the court cautions the claimants that it may impose sanctions, including an order to pay the opposing party's costs and fees, if they continue to submit frivolous or abusive filings. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (explaining that a district court has inherent power to levy sanctions when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (citations omitted)); *Gomez v. Vernon*, 255 F.3d 1118, 1134–35 (9th Cir. 2001) (explaining that district courts also have authority to impose sanctions under 28 U.S.C. § 1927 when an attorney "unreasonably and vexatiously multiplies proceedings" (citations omitted)); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (explaining that a court may impose sanction under Federal Rule of Civil Procedure 11 if a filed paper is

---

[1] LR 7-2(g) prohibits supplementation without leave of court.

[2] Although each supplement provides evidence of different actions taken by Brooks in the underlying state case, they all repeat the same argument against default judgment in this case.

**James C. Mahan**
**U.S. District Judge**

- 6 -

frivolous); LR IA 11-8 (court may impose sanctions for failure to comply with the local rules or any order of the court).

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the claimants' motion for reconsideration (ECF No. 36) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the claimant's first motion to supplement (ECF No. 39) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the claimants' remaining filings (ECF Nos. 42, 43, 44) be STRICKEN from the docket.

DATED February 23, 2024.

                                                                                                                _____
                                                              UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**